UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L. BURNS,

        Plaintiff,

v.

Case No. 13-11040
Hon. Lawrence P. Zatkoff

UNUM GROUP, a foreign profit
Corporation organized in the state
of Delaware,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 20, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Unum Group's Motion to Dismiss [dkt 5] and Plaintiff's Motion to Strike Defendant's reply [dkt 8]. The motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

## II. BACKGROUND

### A. Factual Background

This is a denial of insurance coverage case, where Plaintiff alleges that Defendant breached its duty by refusing to pay disability benefit payments Plaintiff claims he is entitled to. Plaintiff previously filed a similar matter against Defendant before the Court. In that matter, the Court entered a stipulated order of dismissal on February 24, 2011, dismissing any claim Plaintiff had for Defendant's denial of disability income insurance benefits from January 11, 2009, to February 24, 2011. A settlement between the two parties was reached the same day, whereby Plaintiff alleges Defendant agreed to pay Plaintiff's benefits from January 11, 2009, to February 24, 2011, in the amount of $149,040.00.

Plaintiff now alleges that Defendant, beginning on September 26, 2011, improperly denied benefits to Plaintiff in breach of Plaintiff's policy of insurance. Plaintiff asserts Defendant improperly relied upon the report of an Independent Medical Examination ("IME") performed by Defendant's doctor.

### B. Procedural background

Plaintiff filed his Complaint on March 7, 2013. In his complaint, Plaintiff alleges claims against Defendant for state-law breach of contract (Count I), intentional infliction of emotional distress (Count II), unfair trade practices (Count III),[1] and bad faith (Count IV). Defendant filed the instant motion on March 28, 2013, seeking dismissal of Counts II and IV.

## III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must

---

[1] After filing his Complaint, Plaintiff has conceded he cannot maintain a separate claim under the Unfair Trade Practices Act and has agreed to dismiss this count.

2

accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

As a preliminary matter, Plaintiff argues that the Court should strike Defendant's reply to Plaintiff's response as untimely under E.D. Mich. LR 7.1 ("Rule 7.1"). Defendant argues its brief was timely, relying upon Rule 7.1 and Fed. R. Civ. P. 5 and 6. For the reasons given below, the Court finds that Defendant's reply brief was timely.

Rule 7.1 provides that "[i]f filed, a reply brief supporting a dispositive motion must be filed within fourteen (14) days after service of the response, but not less than three days before oral argument." E.D. Mich. LR 7.1(e)(1)(C). Further, the Federal Rules of Civil Procedure allow for electronic service through the court's transmission facilities. Fed. R. Civ. P. 5(b)(2)(E); Fed.

R. Civ. P. 5(b)(3).  When such service is utilized, the Federal Rules of Civil Procedure provide that "three days are added after the period would otherwise expire."  Fed. R. Civ. P. 6(d).  Lastly, "the period [for filing] continues to run until the end of the next day" should this extension of time under Fed. R. Civ. P. 6(d) result in the due date landing on a Saturday, Sunday, or a legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Plaintiff served his response to Defendant's motion to dismiss on April 11, 2013.  Thus, E.D. Mich. LR 7.1(e)(1)(C) would normally provide a due date for Defendant's reply of April 25, 2012.  Because Plaintiff utilized the Court's electronic transmission facilities to serve Defendant, however, Fed. R. Civ. P. 6(d) provides an additional three days for Defendant to reply, resulting in a new due date of April 28, 2012.  Finally, as April 28, 2012, was a Sunday, Fed. R. Civ. P. 6(a)(1)(C) allows an additional day for Defendant to file its reply.  Thus, Defendant was required to file its reply by April 29, 2012.  As such, the Court finds that Defendant's reply—which was filed on April 29, 2012—was not untimely, and thus Plaintiff's motion is denied.

Next, the Court will address Defendant's request that two of Plaintiff's claims— intentional infliction of emotional distress and bad faith—be dismissed.

### A. COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count II of his Complaint, Plaintiff asserts that Defendant either intended to inflict emotional distress on Plaintiff or knew or should have known that emotional distress was a likely result of Defendant's conduct.  Defendant argues that Michigan does not recognize a claim for intentional infliction of emotional distress ("IIED") where the conduct complained of relates to duties imposed under an existing contract.  As evidenced below, the Court agrees with Defendant's position.

All of Plaintiff's alleged harm stems from Defendant's denial to further provide disability benefits. Plaintiff, therefore, has no basis to allege Defendant violated a duty that was distinct from its contractual obligations. Under Michigan law, such a distinction is necessary in order for Plaintiff's IIED claim in tort to proceed: "As a general rule, there must be some active negligence or misfeasance to support a tort. There must be some breach of duty distinct from breach of contract." *Rinaldo's Constr. Corp. v. Mich. Bell Tel. Co.*, 454 Mich. 65, 83 (1997) (citing *Hart v. Ludwig*, 347 Mich. 559, 563 (1956)).

Notably, Plaintiff fails to offer any factual content evidencing that his alleged harm is the result of Defendant violating a duty separate from those within the underlying insurance policy. Instead, Plaintiff only alleges harm that corresponds to Defendant's denial to further provide benefits. As such, the Court dismisses Count II of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

### B. COUNT IV – BAD FAITH

Count IV of Plaintiff's Complaint alleges that Defendant acted with bad faith in failing to provide Plaintiff with ongoing benefits. Defendant contends that Michigan law does not recognize a claim for bad faith in the denial of disability income insurance benefits. Although Plaintiff contends Michigan law does indeed recognize such a claim, the Court is unconvinced.

Whether Plaintiff can maintain a claim for bad-faith breach of an insurance policy depends on whether the duty imposed on Defendant is separate and distinct from the underlying insurance policy. *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401–02 (2006); *see also Roberts v. Auto-Owners Ins. Co*, 422 Mich. 594, 603–07 (1985) (holding that tort actions survive in a contractual setting as long as the tort action is based on a breach of duty that is distinct from the contract); *Kewin v. Mass. Mut. Life Ins. Co*, 409 Mich. 401, 421–423 (1980) (determining

5

that tort actions may survive when an insurer breaches a duty that existed "independent of and apart from the contractual undertaking"). Plaintiff fails to provide any factual content that illustrates the duty alleged in his bad faith claim is separate and distinct from Defendant's duty to provide benefits in the underlying insurance policy.

Plaintiff's assertion that Michigan law recognizes "an insured's claim against its insurer for bad faith in refusing to settle," while correct, is inapplicable to the matter at hand. Plaintiff relies upon several Michigan cases where an insurance company's refusal to settle a claim made by a third party against the insured—thereby exposing the insured to increased liability—was allegedly done in bad faith, and was thus found actionable. In the case presently before the Court, however, Plaintiff makes no allegations that Defendant's denial of benefits exposed him to further liability. Rather, Plaintiff claims only that Defendant's denial to provide further benefits was done in bad faith. As such, the Court finds that Plaintiff's Count IV fails to state a claim upon which relief may be granted.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 5] counts II and IV of Plaintiff's Complaint is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's reply [dkt 8] is DENIED.

IT IS SO ORDERED.

Date: September 20, 2013                   s/Lawrence P. Zatkoff
                                           HON. LAWRENCE P. ZATKOFF
                                           U.S. DISTRICT JUDGE

6